**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIA NONI,<br><br>Plaintiff,<br><br>v.<br><br>REVIVE HEALTH STUDIO, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-5976<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JULIA NONI, by and through her undersigned counsel, brings this Complaint against Defendants, REVIVE HEALTH STUDIO, LLC, and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Julia Noni ("Noni") is an individual and professional photographer residing in Paris, France.

3. Upon information and belief, Defendant Revive Health Studio, LLC ("Revive")

4. Revive is a New York limited liability company with its principal place

of business at 44C Gerard St., Huntington, NY 11743.

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of New York and/or Defendants transact business in the State of New York.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-

(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

10. Julia Noni is a successful commercial photographer specializing in editorial and fashion photography.

11. Noni's work has been in notable publications such as *Harper's Bazaar*, *Vogue Germany*, *British Vogue*, and *GQ*, and her commercial client list includes brands such as *Chanel*, *Ulla Johnson*, *Dior*, and *Fenty Beauty*.

12. Noni licenses her work for a fee.

13. Noni's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Noni's work deters would-be infringers from copying and profiting from her work without permission.

14. Noni is the sole author and exclusive rights holder to a photograph of two models, both clad in white swimsuits, back-to-back with their arms linked ("Swimsuit Photograph").

15. Attached as Exhibit A is a true and correct copy of the Swimsuit Photograph.

16. Noni registered the Swimsuit Photograph with the United States Copyright Office under Registration Number VA 2-236-151 with an Effective Date of Registration of December 22, 2020.

17. Attached as Exhibit B is the Copyright Registration Certificate for the Swimsuit Photograph.

18. Revive is a spa based in Huntington, New York, offering sound therapy, red light therapy, facials, and more.

19. Upon information and belief, Revive controls and manages the Instagram account @revivehealthstudio https://www.instagram.com/revivehealthstudio ("Revive Instagram Account").

20. At all relevant times, the Revive Instagram Account was readily accessible to the general public throughout New York, the United States, and the world.

21. Revive generates content on the Revive Instagram Account for commercial purposes to attract user traffic to Revive, to market and promote Revive's services and products, and to increase the customer base and revenue for the company.

22. At all relevant times, Revive had a direct financial interest in the content and activities of the Revive Instagram Account (including the activities alleged in this Complaint).

23. At all relevant times, Revive had the ability to supervise and control all content on the Revive Instagram Account.

***Defendant's Unauthorized Use of the Swimsuit Photograph and Willful Infringement***

24. On or about January 23, 2026, Noni discovered her Swimsuit Photograph being used in a post on the Revive Instagram Account with the caption "Scorpio by birth, Leo by season #leoseason #astrology #fun #summer #redlighttherapy #healthylifestyle #lifestyle #heal #health" ("Infringing Post").

25. Attached hereto as Exhibit C is a true and correct screenshot of the Swimsuit Photograph as used in the Infringing Post on the Revive Instagram Account.

26. The purpose of the use of the Swimsuit Photograph on the Revive Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Revive's marketing goals to entice customers to purchase services and/or products from Revive.

27. The purpose of the use of the Swimsuit Photograph in the Infringing Posts was to promote Revive's services and product offerings by providing visual content in the form of a high-quality, professionally-produced photograph to entice the viewer into purchasing services from Revive.

28. Noni did not provide permission or authorization to Revive to use, make a copy of, or publicly display the Swimsuit Photograph on the Revive

Instagram Account.

29. Revive (including its employees, agents, contractors, or others over whom it has responsibility and control) created an unauthorized copy of the Swimsuit Photograph and caused it to be uploaded to and displayed on the Revive Instagram Account.

30. Revive (including its agents, contractors, or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Noni's original and unique Swimsuit Photograph in order to acquire a direct financial benefit, through revenue from the sales of Revive's services and products, from the use of the Swimsuit Photograph.

31. After discovering the unauthorized use of the Swimsuit Photograph, Noni, through his counsel, sent correspondence to Revive in an attempt to resolve this matter.

32. The parties were unable to resolve the matter.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

33. Noni incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Noni owns a valid copyright in the Swimsuit Photograph.

35. Noni registered the Swimsuit Photograph with the Register of

Copyrights pursuant to 17 U.S.C. § 411(a).

36. Defendants (including the employees, agents, contractors, or others over whom they have responsibility and control) copied and displayed Noni's unique and original Swimsuit Photograph without Noni's consent or authorization in violation of 17 U.S.C. § 501.

37. Defendants willfully and deliberately infringed upon Noni's rights in her copyrighted Swimsuit Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use the Swimsuit Photograph.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Noni has sustained significant injury and irreparable harm.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Noni is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Noni's election, statutory damages pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Noni prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Noni's copyright interest in the Swimsuit Photograph by copying and displaying it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Noni's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Julia Noni, hereby demands a trial by jury in the above matter.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*